# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DAVID M. GRIPP**                                                                                           **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION NO. 3:12CV-13-S**

**LOUISVILLE KY, CITY GOVERNMENT**                                                **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff David M. Gripp filed a *pro se* complaint (DN 1) and amended complaint (DN 6). Because Plaintiff is proceeding *in forma pauperis*, this Court must preliminarily review the complaint and its amendment pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the complaint will be dismissed.

## I.

Plaintiff filed his complaint on a general-complaint form against "Louisville Ky, City Government." As grounds for filing this action in federal court, he states, "Well Because Windy Mayson or Terpy Wosley eather stole some music from me or some one did. Who ever has got it productions made has not fufilled has not done so and. Louisville has done so or let it happen." Plaintiff leaves blank both the statement-of-claim and the relief sections of the complaint form.

Thereafter, Plaintiff filed an amended complaint on a general-complaint form.[1] As Defendants, he added "Fedrial T.V."; "States t.V."; and "maybe Internatinal T.V." As grounds for filing this action in federal court, he states, "Well they put me on t.V and have talked about me on t.V and have sold picturs and some or all Internatinals." As his statement of claim, he writes, "They have showed me on tV and sold picters of me and talked about me on t.V and there is money involoved so I'm sueing." As relief, Plaintiff seeks: "Well how much they spend on actors and all the rest every Bit of it and I can get the truth from my trip and then brake down the stuff."

## II.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain:

(1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

In the instant case, Plaintiff's complaint is simply too sketchy and incoherent to meet this standard. He fails to set forth any jurisdictional basis for filing this case in federal court. In the complaint, he wholly fails to set forth any statement of his claim(s) and fails to ask for any relief. While Plaintiff filled out the statement-of-claim portion of the amended complaint, his statement

---

[1] On the same date Plaintiff filed his amended complaint, he gave a deputy clerk a document to give to the undersigned, which Plaintiff contended explains his claims. Plaintiff emphatically advised the deputy clerk, however, that he did not want the letter to be filed as part of the record but that he wanted it to go to the undersigned for review. Since Plaintiff does not want the letter to be filed as part of the record, the Court cannot consider the information contained therein.

 

fails to give any Defendant "fair notice" of his claim(s) against them. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: July 23, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Jefferson County Attorney
4411.005